UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWEN A. DIEBOLD,<br>　　　　　Plaintiff,<br>　　v.<br>NANCY A. BERRYHILL, Acting Commissioner Of Social Security,<br>　　　　　Defendant. | NO. CV 18-3551-MWF (KS)<br><br>**ORDER: DISMISSING COMPLAINT WITHOUT PREJUDICE** |

On May 23, 2018, Plaintiff, a California resident proceeding *pro se* and *in forma pauperis*, filed a Complaint seeking review of the Social Security Administration's denial of her applications for Disability Insurance Benefits and Supplemental Security Income. (Dkt. No. 2.) On May 30, 2018, the Court issued a scheduling order that directed Plaintiff to file an appropriate proof of service within 30 days of the date of the order. (Dkt. No. 7.) Plaintiff then sought and received an extension of time to file a supplement to the Complaint and a proof of service, extending the deadline for filing a proof of service to September 18, 2018. (*See* Dkt. Nos. 8-10.) On October 2, 2018, after Plaintiff had missed her deadline for filing an appropriate proof of service by more than two weeks, the Court ordered Plaintiff to show cause no later than October 23, 2018 why the action should be not dismissed for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure and for failure to

1

prosecute and comply with court orders pursuant to Rule 41 of the Federal Rules of Civil Procedure and Local Rule 41-1. (Dkt. No. 11.)

More than three weeks have now passed since the deadline for Plaintiff's response to the Court's October 2, 2018 Order, and the Court has not received any communication from Plaintiff in four months. Thus, the Court concludes that the action should be dismissed without prejudice for Plaintiff's failure to prosecute, comply with court orders, and comply with deadline for effecting service of process set by Rule 4(m) of the Federal Rules of Civil Procedure.

## DISCUSSION

**I. Dismissal is Warranted Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure**

Rule 4(m) of the Federal Rules of Civil Procedure states: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Neither a litigant's *pro se* status nor her lack of legal sophistication is good cause for her failure to comply with the Federal Rules of Civil Procedure. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *Wennihan v. AHCCCS*, 515 F. Supp. 2d 1040, 1043 (D. Ariz. 2005); *see also Springer v. Best*, 264 F.2d 24, 25 (9th Cir. 1959) (it has never been the court's function "to supervise laymen in the practice of law"); Local Rule 1-3 ("Persons appearing *pro se* are bound by these rules.").

The Court informed Plaintiff in its October 2, 2018 Order that she had failed to effect service of process within the 90 day period required by Rule 4(m) of the Federal Rules of

Civil Procedure and warned her that she could face dismissal if she did not file, by October 23, 2018, either a proper proof of service a or request for an extension of time. (Dkt. No. 11.) Despite the Court's warning, Plaintiff remained silent. At this time, more than 75 days have passed since Plaintiff's initial deadline to complete service. Further, despite being given an opportunity to argue good cause for her delay and seek a second extension of time to effect service, Plaintiff has made no such argument and sought no such extension. To the contrary, more than three weeks have passed since her deadline for responding to the Court's Order to Show Cause. Accordingly, the Court concludes that dismissal is now warranted under Rule 4(m).

**II.  Dismissal is Warranted Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure**

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Plaintiff has failed to serve the Complaint and has not communicated with the Court about her case for more than four months. Plaintiff's inaction hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendant – also counsels in favor of dismissal. The prejudice to a defendant simply from the pendency of a lawsuit is insufficient, on its own, to warrant dismissal. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Although this presumption may be rebutted where the plaintiff proffers a non-frivolous excuse for the delay, *see Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999), here, Plaintiff has provided no explanation, frivolous or otherwise, for her failure to engage in this matter since June 2018. Accordingly, the "prejudice" element favors dismissal.

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, the Court invited Plaintiff to request an extension of time or demonstrate good cause for her delay, and Plaintiff neglected to respond. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted). The Court therefore concludes that sanctions other than dismissal are no longer available or appropriate.

Only the fifth factor, the general policy favoring resolution of cases on the merits, arguably favors retention of this action on the Court's docket. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). The Court cannot reach the merits of a case when the plaintiff fails to serve the Complaint and communicate with the Court. Thus, it does not appear that the Court's retention of this action would increase the likelihood that the matter would be resolved on its merits.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the above captioned matter is DISMISSED without prejudice, and, as required by Rule 58(a)(1) of the Federal Rules of Civil Procedure, final judgment will be issued separately.

IT IS SO ORDERED.

DATED: December 21, 2018

/s/ Michael W. Fitzgerald
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ Karen L. Stevenson
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE